IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADAM NORCROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-09-GMS |
| | ) | |
| DANA METZGER, | ) | |
| Warden and ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

This case was originally assigned the Honorable Sue L. Robinson in 2012 as a capital habeas case. On June 3, 2015, the case was stayed and held in abeyance pending the outcome of the Supreme Court's decision in *Hurst v. Florida*, 136 S.Ct. 616 (2016). (D.I. 38). Petitioner's death sentence was vacated after *Hurst*, and he was sentenced to life without possibility of parole on February 21, 2017. (D.I. 44 at 2) The case was re-assigned to the undersigned's docket on August 3, 2017, and the Delaware Supreme Court affirmed petitioner's life sentence in 2018. *Id.* On June 22, 2018, petitioner informed the court that state court proceedings had concluded and his case was ripe for reopening. (D.I. 44 at 3) On June 29 2018, the court issued an order lifting the stay and directed the parties to file a proposed briefing schedule. (D.I. 45 at 2)

The parties have been unable to come to an agreement about the necessity for a briefing schedule. Petitioner has filed a proposed briefing schedule, and asserts that he wishes to amend his petition by "excising references to his capital sentencing proceeding and focusing exclusively on challenges to his conviction to assist this court in adjudication of this matter." (D.I. 47 at 2) Petitioner also notes that it has been nearly six years since the legal basis for any of his claims

challenging his conviction were addressed at all. *Id.* In contrast, the State asserts it "cannot discern any claims requiring a new scheduling order and requests that Your Honor decide the case on the current briefing." (D.I. 48 at 2)

The court has considered the parties' respective positions. The court has also considered that: (1) several voluminous supplemental documents have been submitted in this case since its opening; (2) the case is no longer a capital habeas case; and (3) the undersigned was not the original judge assigned to the case.

Therefore, at Wilmington this 25th day of July, 2018;

IT IS ORDERED that:

1. No later than October 22, 2018, petitioner shall file (a) an all-inclusive amended petition fully and explicitly presenting his grounds for relief; and (b) all necessary appendices supporting those grounds for relief. The amended petition shall consolidate all of petitioner's arguments in a concise manner and shall not refer the court to any of petitioner's prior petitions, amendments, supplements, or appendices. To the extent petitioner cites to documents that have been filed as part of the previously scanned state court record contained in D.I. numbers 14, 15, and 16, such cites shall be to the corresponding CM-ECF numbers and not to the original state court identification numbers. For example, instead of citing specific testimony at petitioner's post-conviction hearing as [Tr. 2/21/07 at 97], the cite to the same testimony shall be [D.I. 14-1 at 1094].

2. No later than January 20, 2019, the State shall file an answer to the amended petition. The State is not required to file a new state court record with respect to any claims concerning petitioner's original criminal and collateral proceedings, and may, instead, rely on the previously scanned state court record contained in D.I. numbers 14, 15, and 16. Consequently, any citations

2

to the previously scanned state court record shall be to the corresponding CM-ECF numbers rather than the original state court identification numbers. For example, instead of citing specific testimony at petitioner's post-conviction hearing as [Tr. 2/21/07 at 97], the cite to the same testimony shall be [D.I. 14-1 at 1094].

_____
UNITED STATES DISTRICT JUDGE